UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Aldrew Crowe, | ) | C/A No. 8:25-cv-13524-DCC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>REPORT AND RECOMMENDATION</u>** |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| Mark W. Begor | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this action against Defendants asserting federal claims against Defendant Equifax Information Services, LLC ("Equifax") and Defendant Mark W. Begor ("Begor") (collectively "Defendants") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases involving *pro se* litigants and submit findings and recommendations to the district court.

**<u>BACKGROUND</u>**

Plaintiff's claims arise from Defendants' alleged violations of the FCRA, including: (1) failing to conduct lawful reinvestigations, (2) failing to block identity-theft information, (3) re-inserting previously deleted information, (4) misreporting Plaintiff's personal identifying information, and (5) repeatedly publishing false and damaging accounts on Plaintiff's consumer credit file. ECF No. 1 ¶ 1. Plaintiff alleges that, as the CEO of Experian, Begor supervised and permitted systemic FCRA violations and is therefore jointly and severally liable. *Id.* ¶ 6. The Complaint sets out seven enumerated causes of action as follows: (1) Failure to Conduct

1

Reasonable Reinvestigation under 15 U.S.C. § 1681i(a); (2) Failure to Block Identity Theft Information under 15 U.S.C. § 1681c-2; (3) Illegal Reinsertion Without Notice under 15 U.S.C. § 1681i(a)(5); (4) Defamation; (5) Negligence; (6) Willful FCRA Violation under 15 U.S.C. § 1681n; and (7) Negligent FCRA Violation under 15 U.S.C. § 1681o.  *Id.* at 4.

Plaintiff commenced this action by filing the Complaint on November 24, 2025.  ECF No. 1.  On the same date, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.  ECF No. 2. On November 25, 2025, the Court issued a Proper Form Order based on Plaintiff's Motion for Leave to Proceed *in forma pauperis* showing that Plaintiff apparently could pay the full filing fee. ECF No. 6.  On December 10, 2025, Plaintiff paid the full filing fee.  ECF No. 11.  On December 11, 2025, the Court issued a Text Order finding as moot Plaintiff's Motion for Leave to Proceed *in forma pauperis* and issued a Serve Order authorizing service of process.  ECF Nos. 13; 14.  On the same date, Summons was issued as to Defendants.  ECF No. 15.  On January 5, 2026, the Summons as to Equifax was returned executed by Plaintiff.  ECF No. 21.

On February 23, 2026, Equifax filed an Answer.  ECF No. 23.  On the same date, Begor filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 24.  On February 25, 2026, in an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (a "*Roseboro* Order"), Plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences for failing to respond adequately.  ECF No. 25.  Plaintiff has failed to file a Response to Begor's Motion to Dismiss.

Notably, prior to Plaintiff filing a Notice of Change of Address (ECF No. 28) on March 30, 2026, certain mail which the Court has placed for delivery to Plaintiff has been returned as undeliverable.  *See* ECF Nos. 8 (showing that the Proper Form Order (ECF No. 6) was returned as undeliverable; 22 (showing that a Text Order granting Equifax's Motion for Extension of Time

2

(ECF No. 19) was returned as undeliverable); 27 (showing that the Summons (ECF No. 15), the Serve Order (ECF No. 13), and the Text Order finding as moot Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 14) were returned as undeliverable); 30 (showing that the *Roseboro* Order (ECF No. 25) was returned as undeliverable).  However, it appears that Plaintiff received notice of orders filed in this case, and other related actions—perhaps through PACER— because Plaintiff is responding to certain orders and instructions of the Court.  *See*, *e.g.*, *Crowe v. Community First Credit Union*, C/A No. 8:25-cv-13527-DCC-WSB, ECF No. 33.  Nonetheless, on March 30, 2026, the Court remailed the *Roseboro* Order to Plaintiff's newly noticed address. ECF No. 31.  In accordance with the remailed *Roseboro* Order, the deadline for Plaintiff to file a Response to Begor's Motion to Dismiss was set to April 30, 2026.  ECF No. 31.

On May 5, 2026, because Plaintiff had not filed a Response to Begor's Motion to Dismiss by the deadline, the Court issued an Order extending the deadline for Plaintiff to file a Response to May 26, 2026 (a "20-day Order").  ECF No. 32.   Plaintiff still has not filed a Response to Equifax's Motion to Dismiss.  This matter is ripe for review.

**<u>APPLICABLE LAW AND ANALYSIS</u>**

**Failure to Prosecute**

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).  "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*."  *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

3

The United States Court of Appeals for the Fourth Circuit, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. ... In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because Plaintiff is proceeding *pro se*, he is personally responsible for his failure to respond. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, Begor is left to wonder when the action will be resolved. In this Court's *Roseboro* Order dated February 25, 2026, the Court clearly stated that if Plaintiff failed to file his response, "**the court may grant the defendant's motion, which may end your case.**" ECF No. 25 at 1 (emphasis in original). Further, in this Court's 20-Day Order dated May 5, 2026, the Court stated, "Plaintiff is advised that if he fails to respond, the undersigned will recommend that the

district court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*." ECF No. 32 at 3 (emphasis in original).  Plaintiff has allowed the deadlines set by the Court to pass without filing any response.  Accordingly, it appears that Plaintiff has abandoned this lawsuit as asserted against Begor and that no other reasonable action is available.  Therefore, the undersigned recommends that the district court dismiss this action for lack of prosecution pursuant to Rule 41(b).  Should the district court adopt this recommendation, Begor's Motion to Dismiss (ECF No. 24) will be rendered moot.

In the alternative, the Court has addressed the merits of Begor's Motion to Dismiss below.

**Rule 12(b)(6)**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).  "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)).  "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  "The plausibility standard is

not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Liberal Construction**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Begor's Motion to Dismiss**

Pursuant to Rule 12(b)(6), Begor contends that Plaintiff fails to state a claim against Begor because the FCRA does not apply to a consumer reporting agency's employees, directors, or officers as a matter of law. ECF No. 24 at 1. The Court agrees.

Plaintiff claims several violations of the FCRA and common law in relation to Defendants allegedly failing to conduct lawful reinvestigations, failing to block identity-theft information, re-inserting previously deleted information, misreporting Plaintiff's personal identifying information, and repeatedly publishing false and damaging accounts on Plaintiff's consumer credit file. ECF No. 1 ¶ 1. Plaintiff alleges that Begor, as CEO of Equifax, supervised and permitted systemic

6

FCRA violations and thus is jointly and severally liable. *Id.* ¶¶ 6, 14. Plaintiff further alleges that Begor is responsible for corporate compliance, policies, and oversight of Equifax's FCRA adherence. *Id.* ¶ 11. Absent from the Complaint is any allegation suggesting Begor's personal involvement other than his serving as CEO as alleged above. *See generally* ECF No. 1.

Begor cites to *Parker v. Cartwright*, C/A No. 1:23-cv-01628-JRR, 2024 WL 622077 (D. Md. Feb. 13, 2024) to support the argument that Plaintiff cannot state a claim under the FCRA against him. In *Parker*, the court was persuaded by *Estrada v. Equifax Information Services LLC*, C/A No. 21-cv-01704-PHX-SMB, 2022 WL 2705835 (D. Ariz. July 12, 2022), wherein the *Estrada* court found that a plaintiff failed to state a claim under the FCRA against CEO defendants because the plaintiffs failed to allege that the CEOs took actions individually which led to FCRA violations, but rather "merely conflate[d]" the CEOs with the consumer reporting agencies themselves. *Parker*, 2024 WL 622077, at *7-8 (citing *Estrada*, 2022 WL 2705835, at *4-5).

Another case, *Betch v. Nationstar Mortg., LLC*, C/A No. 25-cv-27-BAH, 2026 WL 513482 (D. Md. Feb. 24, 2026), follows *Parker*'s reasoning and dismissed a plaintiff's FCRA claims as asserted against Begor and other CEOs of certain consumer reporting agencies because "[t]he general allegations made against these defendants, namely that they 'play an active role in the management' of their respective companies, … fail to allege that any were the 'guiding spirit' behind any wrongful conduct or 'the central figure in the challenged corporate activity.'" *Betch*, 2026 WL 513482, at *6-7 (quoting *Parker*, 2024 WL 622077, at *7).

The reasoning in *Parker* and *Betch* is persuasive. Because Plaintiff fails to allege that Begor was personally involved in any of the alleged violations of the FCRA or common law[1]

---

[1] In addition to failing to state claims under the FCRA against Begor, Plaintiff fails to state the claims for defamation and negligence as asserted in the Fourth and Fifth Causes of Action. For such claims, Plaintiff simply alleges that Equifax, not Begor, "knowingly published false

beyond Begor's position as CEO of Equifax and Begor's alleged "supervis[ion] and permit[ing[ systemic FCRA violations," Plaintiff fails to state a claim against Begor as a matter of law. *Quoting* ECF No. 1 ¶ 6.

Accordingly, if the district court declines adopting the undersigned's recommendation as to dismissal pursuant to Rule 41(b), the undersigned recommends that Begor be dismissed from this action pursuant to Rule 12(b)(6).

---

statements about Plaintiff to third-party lenders and creditors" and that Equifax, not Begor, "breached its duty to maintain reasonable procedures to assure maximum possible accuracy." ECF No. 1 ¶¶ 30, 33. As discussed above, despite Plaintiff's cursory allegations that Begor is the CEO of Equifax and thus supervised and permitted systemic FCRA violations and is therefore jointly and severally liable, Plaintiff's failure to identify any facts suggesting that Begor's personally involvement gave rise to the common law claims warrants Begor's dismissal because "[c]ourts have repeatedly held that individual defendants cannot be held liable solely because they are the [CEO] for the corporate defendants." *Rodgers v. Cassin*, No. 2:24-cv-06111-CBM-SSCX, 2024 WL 4329064, at *1 (C.D. Cal. Sept. 18, 2024); *see Betch*, 2026 WL 513482, at *6-7 (dismissing FCRA claims because "[t]he general allegations made against these defendants, namely that they 'play an active role in the management' of their respective companies, … fail to allege that any were the 'guiding spirit' behind any wrongful conduct or 'the central figure in the challenged corporate activity.'") (quoting *Parker*, 2024 WL 622077, at *7).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DISMISS** Begor from this action pursuant to Federal Rule of Civil Procedure Rule 41(b), thus **MOOTING** Begor's Motion to Dismiss (ECF No. 24).  In the alternative, the undersigned recommends that the district court **GRANT** Begor's Motion to Dismiss (ECF No. 24) pursuant to Rule 12(b)(6).  This action remains pending against Equifax.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

June 3, 2026
Greenville, South Carolina


*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10