IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Aldrew Crowe, | ) | Case No. 8:25-cv-13524-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Equifax Information Services, LLC, and | ) | |
| Mark W. Begor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On February 23, 2026, Defendant Mark W. Begor filed a motion to dismiss. ECF No. 24. On February 25, 2026, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 25. Plaintiff did not respond to the motion. On May 5, 2026, the Magistrate Judge issued an order warning Plaintiff that failure to file a response may result in a recommendation to dismiss this action with prejudice for failure to prosecute and extending the time to file a response. ECF No. 32. Plaintiff did not respond to the motion. On June 3, 2026, the Magistrate Judge recommended dismissing Defendant Begor pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative,

granting the motion to dismiss on the merits.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of

---

[1] The Court notes that several pieces of mail to Plaintiff have been returned as undeliverable over the course of this action.  As noted by the Magistrate Judge, it appears that Plaintiff still had notice of these documents.  Further, Plaintiff filed a notice of change of address on March 30, 2026.  ECF No. 28.  No mail has been returned from the new address as of the date of this order.

the Magistrate Judge that Defendant Begor is entitled to dismissal for failure to prosecute pursuant to Rule 41(b).[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 11, 2026
Spartanburg, South Carolina

---

[2] The motion to dismiss [35] is **FOUND as MOOT**.